UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-0504 VBF (PVC)                                Date:  April 12, 2022

Title       Matthew Anthony Atilano v. James Robertson, Warden


Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|---|---|
|  Deputy Clerk  |  Court Reporter / Recorder  |

|  Attorneys Present for Petitioner:  |  Attorneys Present for Respondent:  |
|---|---|
|  None  |  None  |

**PROCEEDINGS:   ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT CONTAINS UNEXHAUSTED CLAIMS**

On March 10, 2022, Petitioner, a California state prisoner proceeding *pro se*, constructively filed a habeas petition pursuant to 28 U.S.C. § 2254.[1] ("Petition," Dkt. No. 1 at 8).[2] The Petition raises three grounds for federal habeas relief: (1) due to numerous cumulative prejudicial errors at trial, Petitioner's conviction must be vacated; (2) due to changes in the law regarding youth offenders, Petitioner's first-degree murder

---

[1] James Robertson, Warden of Pelican Bay State Prison, where Petitioner is currently housed, is substituted for "James Robinson," the Respondent named in the Petition. Fed. R. Civ. P. 25(d).

[2] Under the mailbox rule, "[w]hen a prisoner gives prison authorities a habeas petition or other pleading to mail to court, the court deems the petition constructively 'filed' on the date it is signed[,]" which in this case was March 10, 2022. *Roberts v. Marshall*, 627 F.3d 768, 770 n.1 (9th Cir. 2010); *see also Houston v. Lack*, 487 U.S. 266, 270 (1988). Page citations to Petitioner's filings such as the Petition, which includes non-sequential pages and many attached exhibits, refer to the CM/ECF-generated page numbers on the Court's docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-0504 VBF (PVC)                           Date:  April 12, 2022

Title   Matthew Anthony Atilano v. James Robertson, Warden

conviction must be vacated; and (3) ineffective assistance of trial counsel.  (*Id*. at 11–18). However, the Petition is subject to dismissal because it appears that Grounds One and Two are unexhausted.

A state prisoner must exhaust his state court remedies before a federal court may consider granting habeas corpus relief.  28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  To satisfy the exhaustion requirement, a habeas petitioner must present his federal claims in the state courts to give the state the opportunity to pass upon and correct alleged violations of the prisoner's federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (*per curiam*); *see also O'Sullivan*, 526 U.S. at 845 (habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process).  The petitioner must present his claims to the highest state court with jurisdiction to consider them or demonstrate that no state remedy remains available.  *See Peterson v. Lampert*, 319 F.3d 1153, 1156 (9th Cir. 2003) (*en banc*).

The inclusion of unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").  The Ninth Circuit has instructed that lower courts are not obligated "'to act as counsel or paralegal to *pro se* litigants'" by explaining "'the details of federal habeas procedure ….'"  *Ford v. Pliler*, 590 F.3d 782, 787 (9th Cir. 2009) (quoting *Pliler v. Ford*, 542 U.S. 225, 231 (2004)).  However, the Court may provide a *pro se* litigant with "accurate instruction" before dismissing a mixed petition.  *See id.* at 786 ("The district court gave [the petitioner] accurate instruction before dismissing his mixed petition without prejudice.  *Pliler* does not allow us to require anything more.").

Here, it appears that Grounds One and Two of the Petition are unexhausted because they were never raised before the California Court of Appeal.  (*Compare* Petition

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-0504 VBF (PVC)                             Date:  April 12, 2022

Title       Matthew Anthony Atilano v. James Robertson, Warden

at 11–15, *with id.* at 33–81).[3]  Accordingly, the Petition is subject to dismissal and Petitioner has five available options:

**Option 1:** If Petitioner wishes to contend that all of his claims are exhausted, he should append to his response copies of any document, such as his state court briefs or petitions, establishing that each ground is exhausted.  If Petitioner admits that he has not exhausted a particular claim or claims, he must select one of the following options.

**Option 2:** Petitioner may request a voluntary dismissal of this *action* without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), as amended by AEDPA, which states that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."

**Option 3:** Petitioner may request a voluntary dismissal of *any unexhausted claim* and elect to proceed only on his exhausted claims.  Petitioner may also use the attached Notice of Dismissal form to select this option.  However, Petitioner is advised that if he elects to proceed without the unexhausted claim(s), any future habeas claims that could have been raised in the instant Petition may be rejected as successive.

**Option 4:** Petitioner may request a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005).  Under *Rhines*, the Court is empowered to stay all of the claims in a "mixed" petition while Petitioner returns to the state courts to exhaust any already pled, but unexhausted, claim(s).  *See id.* at 277–78.  To obtain a stay pursuant to *Rhines*, Petitioner is required to show good cause for his failure to exhaust any unexhausted claim(s) in state

---

[3] While it appears that Ground Three was presented to the California Court of Appeal, Petitioner has not identified which of his claims, if any, were presented to the California Supreme Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-0504 VBF (PVC)                                Date:  April 12, 2022

Title   Matthew Anthony Atilano v. James Robertson, Warden

court and to establish that each unexhausted claim is not "plainly meritless." *See id.* at 277.

**Option 5:** Petitioner may request a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003). Under *Kelly*, Petitioner would have to dismiss any unexhausted claim(s), but the Court would be empowered to stay any remaining, fully exhausted claims while he returned to the state courts to exhaust the unexhausted claim(s). *See id.* at 1070–71. Unlike a *Rhines* stay, a stay under *Kelly* does not require a showing of good cause. *See King v. Ryan*, 564 F.3d 1133, 1135 (9th Cir. 2009). A *Kelly* stay requires compliance with the following three-step procedure: (1) the petitioner files an amended petition deleting his unexhausted claims; (2) the district court "stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims"; and (3) the petitioner subsequently seeks to amend the federal habeas petition to reattach "the newly-exhausted claims to the original petition." *Id.*; *see also Mitchell v. Valenzuela*, 791 F.3d 1166, 1171 n.4 (9th Cir. 2015) (quoting same).

Petitioner is cautioned, however, that he will be allowed to amend his Petition to add any newly-exhausted claims following a *Kelly* stay only if the AEDPA statute of limitations has not yet expired, or if the claims "relate back" to the timely exhausted claim(s) in the pending petition. *King*, 564 F.3d at 1140–41. A claim relates back if it shares a "common core of operative facts" with one or more of the claims in the pending petition. *Mayle v. Felix*, 545 U.S. 644, 664 (2005). Therefore, as the Ninth Circuit has cautioned, "compared to the *Rhines* procedure, '*Kelly* is not only a more cumbersome procedure for petitioners, but also a riskier one.'" *Mitchell*, 791 F.3d at 1171 n.4 (quoting *King*, 564 F.3d at 1140). "[F]rom the perspective of the petitioner, the downside of the *Kelly* procedure is that there is no assurance that the claims added to the petition after exhaustion will be considered timely filed." *Mitchell*, 791 F.3d at 1171 n.4.

In sum, the Court **ORDERS** Petitioner to file a response, within **14 days** of the date of this Order, specifically stating which of the five options he wishes to pursue. To select Option One, Petitioner must file a declaration signed under penalty of perjury and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   EDCV 22-0504 VBF (PVC)                           Date:  April 12, 2022

Title      Matthew Anthony Atilano v. James Robertson, Warden

attach copies of any documents establishing exhaustion of each of his three claims.  To select Options Two or Three, Petitioner may use **the attached Notice of Dismissal form** and fill it out according to his choice to dismiss either the entire action or only his unexhausted claims.  To select Options Four or Five, Petitioner must file a declaration, signed under penalty of perjury, selecting a stay pursuant to either *Rhines* or *Kelly*.  If Petitioner wishes to obtain a stay pursuant to *Rhines*, he must also set forth good cause for his failure to have exhausted any particular claim(s) and show why each unexhausted claim is not plainly meritless.

**Petitioner is expressly warned that failure to timely file a declaration or other response to this Order will result in a recommendation that this action be dismissed with prejudice for his failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**

IT IS SO ORDERED.

|  | 00:00 |
|---|---|
| Initials of Preparer | mr |